UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3416 CAS (AGRx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Manijeh ("Mary") Ghairaty, et al., v. Travelers Insurance | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) ORDER TO SHOW CAUSE FOR LACK OF DIVERSITY JURISDICTION**

**I. INTRODUCTION**

On August 14 2009, Manijeh Ghairaty ("Mary") was walking her dog when she was attacked and bitten by two dogs. These dogs were owned by Heather Daly, who is insured by Travelers Insurance ("Travelers"). Mary submitted several claims to Travelers; however, they have allegedly denied and ignored those claims. Mary alleges the following claims in connection with the alleged acts and inactions of defendant: (1) breach of the insurance policy, (2) tortious bad faith denial of insurance benefits, and (3) violations of Business and Professional Code § 17200.

The complaint seeks $68,385 in medical bills, emotional distress damages, punitive damages, and an injunction requiring defendants to identify other insureds who have been similarly victimized by unlawful business practices by defendant, locate those insureds, and repay them the sums unlawfully withheld. Defendant filed a notice of removal on April 21, 2011, based on diversity of citizenship.[1]

---

[1] Defendant additionally contends that federal question jurisdiction exists pursuant to 28 U.S.C. §1441(b); however, as all of plaintiffs claims arise under state law the Court finds that federal question jurisdiction is not applicable to the instant action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3416 CAS (AGRx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Manijeh ("Mary") Ghairaty, et al., v. Travelers Insurance | | |

## II. LEGAL STANDARD

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Removal founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. See Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold" required for subject matter jurisdiction. Id. Conclusory allegations are insufficient. Id. at 1091.

## III. DISCUSSION

It appears that defendant does not meet its burden of establishing the minimum amount in controversy necessary for removal under diversity jurisdiction. Plaintiff contacted Travelers on two separate occasions. First, on March 19, 2010 plaintiff forwarded Travelers her medical bills which at that time amounted to $63,385.19. Compl. ¶ 8. On October 12, 2010, plaintiff made a second written request to Travelers for reimbursement of $5,000 in med-pay costs. Compl. ¶ 10. In total, the plaintiff has alleged $68,385.19 in compensatory damages. Defendant has not made any showing that the amount in controversy exceeds the $68,385.19 detailed in the complaint. Therefore, defendant does not establish by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum required for this Court to exercise diversity jurisdiction.

## IV. CONCLUSION

Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE on or before June 27, 2011, why the instant action should not be remanded for lack of diversity jurisdiction.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |