UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-003416 CAS (AGRx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | MANIJEH GHAIRATY v. TRAVELERS INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                               Not Present

**Proceedings:**   **(IN CHAMBERS): ORDER REMANDING THE CASE TO LOS ANGELES SUPERIOR COURT**

## I.  INTRODUCTION

On March 4, 2011, plaintiff filed her complaint in the instant action in Los Angeles Superior Court. According to plaintiff's complaint on August 14, 2009, Manijeh Ghairaty ("Ghairaty") was walking her dog when she was attacked and bitten by two dogs. Compl. ¶ 7. The dogs are owned by Heather Daly, who is insured by Travelers Insurance ("Travelers"). Id. Ghairaty submitted several claims to Travelers; however, they have allegedly denied and ignored those claims. Id. at 8-13. Ghairaty alleges the following claims in connection with the alleged acts and inactions of defendant: (1) breach of the insurance policy, (2) tortious bad faith denial of insurance benefits, and (3) violations of Business and Professional Code § 17200.

The complaint seeks $5,582.40 in med-pay benefits, emotional distress damages, punitive damages, attorneys' fees and an injunction requiring defendants to identify other insureds who have been similarly victimized by the unlawful business practices of defendant, locate those insureds, and repay them the sums unlawfully withheld. Compl. at pp. 12-14.[1]

Defendant filed a notice of removal on April 21, 2011, based on diversity of citizenship. On June 16, 2011, this Court issued an order to show cause why the instant action should not be remanded for lack of diversity jurisdiction. Defendant filed a response to the order to show cause on June 27, 2011. Plaintiff filed a brief regarding the

---

[1]Plaintiff also claimed $63,385.10 in medical bills in a separate action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-003416 CAS (AGRx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | MANIJEH GHAIRATY v. TRAVELERS INSURANCE COMPANY | | |

order to show cause on that same day. Defendant filed a response to plaintiff's brief on June 28, 2011.

## II. LEGAL STANDARD

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Removal founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. See Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1).

To support removal based on diversity jurisdiction in cases where a plaintiff's complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Conclusory allegations are insufficient. Matheson, 319 F.3d at 1091. If the complaint is silent on the amount of damages claimed, the court may also consider facts in the removal petition and "summary-judgement-type evidence relevant to the amount in controversy at the time of removal." Id., (quoting Allen v. R. & H. Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

A speculative argument as to the amount in controversy is insufficient. Gaus, 880 F.2d at 567. The defendant bears the burden of "actually providing ... facts to support...[the] jurisdictional amount." Id. The amount in controversy includes claims for general and special damages (excluding costs and interest), attorneys' fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law. Richmond v. Allstate, Ins. Co., 897 F.Supp. 447, 450 (S.D. Cal. 1995).

## III. DISCUSSION

Plaintiff argues that defendant has presented no evidence that the amount in controversy exceeds $75,000. Brief at 1. Plaintiff contends that the principal amount of damages associated with her claim is at most $6,000. Id. The additional claims for emotional distress, punitive damages, and attorneys' fees, plaintiff argues, are undetermined and speculative. Id. at 4. As such, it cannot be conclusively shown that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-003416 CAS (AGRx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | MANIJEH GHAIRATY v. TRAVELERS INSURANCE COMPANY | | |

additional claims raise the total amount in controversy over the jurisdictional minimum of $75,000. Id.

Defendant argues that the damages for emotional distress, punitive damages, and attorneys' fees raise the amount in controversy above the jurisdictional minimum. Response to OSC at 2. Defendants cite Richmond v. Allstate Ins. Co., 897 F.Supp. 447 (S.D. Cal. 1995) as support for their argument. Id. at 3. In Richmond, the court considered claims for breach of contract and bad faith by a policy holder against an insurance company where the plaintiff had failed to pray for damages in any specific amount. Id. The court in Richmond stated that "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this court from noting that these damages are potentially substantial." Richmond, 897 F.Supp at 450. Further, the court found that "punitive damages are also included in calculating the amount in controversy if they are recoverable as a matter of law." Id. The court also claimed that, "[a]ttorneys' fees are included in the amount in controversy if recoverable by statute [sic] or contract." Id. The court held that despite the fact that the principal amount of the claim was not greater than $25,000, the plaintiff's claims for emotional distress, punitive damages and attorneys' fees, combined with the fact that bad faith insurance claims rarely result in a verdict less that $100,000, was sufficient for the defense to successfully allege that the amount in controversy was above the $50,000 jurisdictional minimum. Id. at 451.

Defendant presents multiple cases in support of its proposition that the emotional distress, punitive damages, and attorneys' fees sought by plaintiff would raise the amount in controversy to exceed the jurisdictional minimum. Defendant alleges that emotional distress damages in bad faith litigation tend to range from two to twelve times the amount of the principal claim. Response to OSC at 6. Defendant further contends that punitive damage awards in similar cases are generally two and one-half to six times the compensatory damage award. Id. at 8. According to these estimates, defendant contends that emotional distress and punitive damages alone would exceed $75,000. Id. at 8-9.[2]

---

[2]Additionally, defendant asserts that the fact that plaintiff has refused to stipulate to capping the entire amount in dispute at $74,999 unless defendant also agrees to pay attorneys' fees in excess of that cap is evidence that the value of plaintiff's claims are greater than $75,000. Response at 6. The court may consider settlement agreements and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS-6

| Case No. | CV 11-003416 CAS (AGRx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | MANIJEH GHAIRATY v. TRAVELERS INSURANCE COMPANY | | |

Defendant contends that, according to the precedent established in Brandt v. Superior Court, plaintiff would also be able to recover attorneys' fees.[3] Brandt v. Superior Court, 37 Cal.3d 813, 817. Defendant's counsel claims that although only about $18,500 in attorney's fees have been expended to date, this litigation can reasonably be expected to ultimately cost each side approximately $200,000 to $250,000 in attorney's fees as well as an additional $25,000 to $35,000 in deposition costs. Response to OSC at 11.

The court finds that the defendant does not meet the preponderance of the evidence standard necessary to remove the instant action to this Court based on diversity jurisdiction. The defendant only raises speculative arguments which are insufficient to establish that the amount in controversy exceeds the jurisdictional minimum. Gaus, 880 F.2d at 587. Further, the low estimates of emotional distress and punitive damages provided by the defense only raise the amount in controversy to $45,000, excluding attorneys' fees. Further, the Court notes that the cases cited by defendant are for complete denials of insurance benefits, while the instant action only concerns a small part of a larger claim.

Richmond, cited by defendant to support the proposition that plaintiffs claims for emotional distress, punitive damages, and attorneys' fees can be considered by the court and support a finding that the amount in controversy is above the jurisdictional minimum, is distinguishable from the instant action. In Richmond, the principal amount at issue was considerably greater ($25,000 compared to $6,000) and the jurisdictional minimum

---

stipulations as evidence that the amount in controversy exceeds the jurisdictional minimum. Whitaker v. American Telecasting, Inc., 261 F.3d 196 (2nd Cir. 2001). In removal actions, however, the burden is on the defendant to show that the amount in controversy is above the jurisdictional minimum, not on the plaintiff to show that it is under that amount. In this case, the Court finds that defendant has not met its burden to prove that the amount in controversy exceeds $75,000.

[3]In Brandt, the court held that when a insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense, because attorneys' fees are an economic loss proximately caused by the tort.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV 11-003416 CAS (AGRx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | MANIJEH GHAIRATY v. TRAVELERS INSURANCE COMPANY | | |

was lower ($50,000 compared to $75,000) than the figures at issue in the instant action. Richmond, 897 F.Supp. at 450. Moreover, if defendant's arguments were adopted, it would defeat the custom of the Ninth Circuit to construe strictly against removal jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).

## IV. CONCLUSION

In accordance with the foregoing, the Court finds that it lacks subject matter jurisdiction over this case. The Court hereby REMANDS the case to the Los Angeles Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |